### WESTERN UNION TEL. CO. *v.* THOMPSON.

[86 South. 273, No. 21107.]

1. TELEGRAPHS AND TELEPHONES. *Punitive damages not recoverable for agent's unauthorized act in delaying transmission of interstate telegram.*

Under Act Cong. June 18, 1910, chapter 309 (36 Stat. 539), and the common law as accepted and enforced by the federal courts, a telegraph company is not liable for punitive damages for delay in the transmission of an interstate telegram, resulting from the willful disregard of the sender's rights on the part of the company's agent, unless the agent's wrongful act was authorized or approved by the company.

2. TELEGRAPHS AND TELEPHONES. *Stipulation limiting liability as to interstate telegram valid.*

Under Act Cong. June 18, 1910, chapter 309 (36 Stat. 539), a telegraph company is not liable for delay in the transmission of an interstate telegram, for an amount in excess of the price of the message, where the contract between the sender and the company, approved by the Interstate Commerce Commission, so provides.

APPEAL from circuit court of Simpson county.

HON. W. H. HUGHES, Judge.

Action by S. B. Thompson against the Western Union Telegraph Company. Demurrer to defendant's special plea sustained, and judgment for plaintiff for punitive damages, and defendant appeals. Reversed and remanded.

*J. B. Harris,* for appellant.

The case is clearly covered by the recent decision of this court in the case of *Western Union Telegraph Company* v. *M. L. Norman,* decided at the present term of this court,

following the decisions that the "supreme court of the United States in the case of the *Postal Telegraph Company* v. *Warren-Godwin Lumber Company,* and the case of the *Western Union Telegraph Co.* v. *Peter Boegli,* recently decided and the cases of *Byers* v. *The Southern Express Company,* 60 L. Ed. (U. S.) 825; *Railroad Company* v. *Prentice,* 154 U. S. 162; *Primrose* v. *Western Union Telegraph Company,* See page 154 (U. S.) ; page 1.

The whole matter has been so recently and thoroughly discussed by us and by this court that it will not be necessary to prolong this brief; therefore, we respectfully submit that the judgment of the court below be reversed.

No brief for appellee found in the record.

Smith, C. J., delivered the opinion of the court.

The plaintiff instituted this suit in the court below for the recovery of actual and punitive damages for an alleged delay in the transmission and delivery of an interstate telegram. One of the appellant's special pleas alleged in substance that the message was an unrepeated interstate message, and that the blank upon which it was written when delivered to the company for transmission contained a stipulation, approved by the Interstate Commerce Commission, limiting the company's liability for mistakes and delays in the transmission of such a message to the price paid for sending it. A demurrer to this plea was sustained.

The evidence does not disclose that the negligence complained of was either authorized or ratified by the appellant. The court below granted the appellee an instruction by which the jury were permitted to award him punitive damages, and refused an instruction requested by the appellant eliminating such damage from the jury's consideration. This case is controlled by the case of *Western Union Tel. Co.* v. *Norman,* 83 So. 465; consequently the court below erred in sustaining the demurrer to the appellant's special plea and in permitting the appellee to recover punitive damages.

*Reversed and remanded.*